HITT & COMPANY *v.* EHRLICH & BROTHER.

Under the facts disclosed by the record, there was no abuse of discretion in granting a temporary injunction in this case.

August 27, 1892.                    *Judgment affirmed.*

Injunction. Before Judge FALLIGANT. Chatham county. June 8, 1892.

Injunction was granted on the petition of Ehrlich & Bro. against Hitt & Co., their attorney C. N. West,

M. Y. & D. I. MacIntyre, and the sheriff, in which petition Enrique Pigraue joined by petition *pro interesse suo.* Hitt & Co. and C. N. West excepted. The facts are as follows:

Hitt & Co. brought suit in the city court of Savannah against Barnett & Cohn, and caused process of garnishment to issue and be served on M. Y. & D. I. MacIntyre, cotton factors, who answered denying that they had any money or property of Barnett & Cohn, which answer was traversed; and upon the trial of this issue the traverse was sustained by the verdict of a jury. The garnishees moved for a new trial, which was denied; and to this ruling they took a bill of exceptions which is pending in the Supreme Court. But they gave no *supersedeas* bond; and Hitt & Co., having obtained judgment against Barnett & Cohn, caused execution to issue and be placed in the hands of the sheriff for levy; whereupon the petition for injunction was brought. At the time of the service of the garnishment, the garnishees had certain cotton which Ehrlich & Bro. claimed as belonging to them, and they gave to the garnishees a bond to indemnify them against any loss or damage that might arise to them by reason of paying the proceeds of the cotton to Ehrlich & Bro., which were in fact so paid; and the answer to the garnishment stated that the property belonged, not to Barnett & Cohn but to Ehrlich & Bro., and this was the issue of fact tried upon the traverse of the answer.

The present petition alleges that Ehrlich & Bro. are perfectly solvent and enjoy a large credit; that the proceeds of the cotton referred to were in fact their property; that Cohn, of Barnett & Cohn, is their brother-in-law; that as a matter of accommodation they became liable for the payment of $4,000 for Barnett & Cohn, and being compelled to take up that obligation owing to the failure of Barnett & Cohn to do so, Bar-

nett, with a view of paying or reducing the indebtedness to them, undertook to manage for them certain cotton received by them in the course of trade, and other cotton purchased by them from time to time; that in this way he became connected with the garnishees to the extent of managing the cotton business then being done by Ehrlich & Bro. with the garnishees, who have no interest in the final determination of the traverse, being amply protected by the bond given them by Ehrlich & Bro.; that the garnishees are men of the highest character and responsibility, of large means and entirely solvent, and have acted and are acting in perfect good faith, but they declare that rather than be subjected to any further inconvenience in this behalf, in the event due demand is made on them by the sheriff under the execution, they will simply pay over the money and protect themselves against Ehrlich & Bro. by the bond given by them; that Hitt & Co. were a speculative cotton firm without a dollar of available assets; and that if they and their attorney be permitted to collect the execution from the garnishees pending the determination of the case in the Supreme Court, Ehrlich & Bro. will be entirely without remedy, Hitt & Co. being insolvent. Ehrlich & Bro. offer to give bond to hold the garnishees harmless from any loss or damage they may sustain by reason of non-payment of the execution; or to give bond for the payment of the eventual condemnation money to Hitt & Co., in accordance with the final judgment dependent upon the adjudication of the case in the Supreme Court, or give any other bond for the protection of all parties at interest in such way as the court may direct; insisting that they are *bona fide* owners of the proceeds of the cotton, which in equity and in good conscience ought not to be paid over to Hitt & Co., and all they ask is that the collection of the execution be restrained until the cause in the Supreme Court may be heard.

For cause why the injunction should not be granted, Hitt & Co. and C. N. West filed general demurrers; the other defendants to the petition did not show cause. Evidence was introduced, to the effect that Hitt & Co. were insolvent, and that they had admitted the indebtedness to Pigraue for which he sued. It was admitted that to the July term, 1892, of the city court of Savannah, Enrique Pigraue had filed a suit against Hitt & Co. for the debt claimed in his intervention, and that garnishment summons had been issued thereon and served on M. Y. & D. I. MacIntyre. The judge ordered that Hitt & Co. and their attorney be restrained and enjoined from proceeding in any wise to levy or collect the execution, and the garnishees be restrained and enjoined from paying it, until the further order of the court.

C. N. WEST and U. H. McLAWS, by CALHOUN, KING & SPALDING, for plaintiffs in error.

GARRARD & MELDRIM and W. R. LEAKEN, contra.